UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARIM GOLDING,

                Plaintiff,

      -against-

DHS/ICE, ET AL.,

                Defendants.

20-CV-8679 (CM)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

      On November 19, 2019, Plaintiff filed a *pro se* prisoner civil rights complaint in the United States District Court for the Northern District of Alabama, asserting claims against a number of defendants under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), concerning events arising during his detention at a facility located on Varick Street in Manhattan. (*See* ECF No. 1.)[1] By order dated June 25, 2020, Judge David Proctor directed that Plaintiff's claims against U.S. Immigration and Customs Enforcement ("ICE") Agent Max Gorelick be severed and transferred to the United States District Court for the Eastern District of New York, and dismissed Plaintiff's remaining claims for failure to state a claim on which relief may be granted.[2] (*See* ECF No. 16.) Because the Varick Street facility is in Manhattan, by order dated October 16, 2020, Judge Kiyo A. Matsumoto of the Eastern District transferred the action to this Court. (*See* ECF No. 24.)

      To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in*

---

[1] Document numbers refer to the document numbers as generated by this Court's electronic case filing system (ECF).

[2] The original case in the Northern District of Alabama was *Golding v. DHS/ICE*, No. 19-CV-0789 (N.D. Ala. June 25, 2020).

*forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[3] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Although Plaintiff was granted leave to proceed IFP in the Northern District of Alabama, the severed claims constitute a new civil action. *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) (internal quotation marks and citation omitted) ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently.") Thus, Plaintiff must either pay the relevant filing fees or seek IFP status for this new action. *See Abreu v. Brown*, ECF 1:18-CV-1634, 58, 2018 WL 10125142, at *1 (S.D.N.Y. Mar. 16, 2018) (holding severed claims constitute a new action and requiring plaintiff to pay the fees or submit an IFP application); *see also Perkins v. City of New York*, ECF 1:14-CV-3779, 46, 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (severing multiple prisoners' claims into new actions and requiring each prisoner to submit a new IFP application).

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP

---

[3] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

application and prisoner authorization, they should be labeled with docket number 20-CV-8679 (CM).[4]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss the action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: October 30, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[4] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury and must pay the filing fees at the time of filing any new federal civil action.