UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARIM GOLDING,

                Plaintiff,

      -against-

DHS/ICE, ET AL.,

                Defendants.

20-CV-8679 (CM)

ORDER DIRECTING PRISONER AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in the Etowah County Detention Center in Gadsden, Alabama, brings this action *pro se*. By order dated October 30, 2020, the Court directed Plaintiff to either pay the $400.00 in fees required to bring a civil action in this Court or, to request permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. (ECF No. 26.) On November 7, 2020, the Court received a signed IFP application, but Plaintiff did not submit the prisoner authorization.

    Within thirty days of the date of this order, Plaintiff must therefore either pay the $400.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 20-CV-8679 (CM).[1]

    The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss the action.

---

[1] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury and must pay the filing fees at the time of filing any new federal civil action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 10, 2020
         New York, New York

                                                       COLLEEN McMAHON
                                         Chief United States District Judge