UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/20/2021___

KARIM GOLDING,

                                Plaintiff,

                -against-

DHS/ICE, *et al.*,

                                Defendants.

20-CV-8679 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

Plaintiff, currently held in the Etowah County Detention Center in Gadsden, Alabama,

brings this *pro se* action alleging that Defendant Immigration and Customs Enforcement ("ICE")

Agent Max Gorelick violated his federal constitutional rights when Plaintiff was at ICE's Varick

Street facility in Manhattan. By order dated January 19, 2021, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## BACKGROUND

Plaintiff originally filed this action in the United States District Court for the Northern

District of Alabama. *See Golding v. DHS/ICE*, No. 4:19-CV-1160 (RDP) (JHE) (N.D. Ala. June

25, 2020). By order dated June 1, 2020, Alabama Magistrate Judge John H. England, III issued a

report and recommendation severing and transferring Plaintiff's claims against Defendant

Gorelick to the Eastern District of New York, apparently under the belief that ICE's Varick Street

facility is in Brooklyn, and dismissing Plaintiff's remaining claims for failure to state a claim.

(ECF No. 15.) Alabama District Court Judge R. David Procter accepted and adopted the R&R on

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

June 25, 2020. (ECF No. 16.) By order dated October 16, 2020, the Eastern District transferred the action to this Court. (ECF No. 24.)

Currently before this Court are Plaintiff's claims in the amended complaint against Defendant Gorelick. (*See* ECF No. 13.) On August 31, 2020, while this action was pending in the Eastern District, the United States Attorney's Office for the Eastern District of New York submitted a letter stating that Defendant Gorelick has consented to a United States Attorney's Office receiving service on his behalf. (ECF No. 21, at 3.)

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

2

To allow Plaintiff to effect service on Defendant Gorelick c/o the United States Attorney's Office for the Southern District of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; (2) issue a summons; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to (1) complete the USM-285 forms with the address for Max Gorelick c/o the United States Attorney's Office for the Southern District of New York; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue a summons; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service to this defendant.

SO ORDERED.

Dated:   January 20, 2021
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Agent Max Gorelick
c/o United States Attorney's Office for the Southern District of New York
Civil Division
1 Saint Andrews Plaza
New York, NY 10007