```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KARIM GOLDING,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :           20-CV-8679 (VSB)
                -against-                                   :
                                                            :              ORDER
DHS/ICE, et al.,                                            :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Plaintiff's letter dated October 20, 2021, in which Plaintiff requests that I reopen this action and appoint counsel to represent him. (Doc. 51.)

      In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel, Plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). In reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172. A more fully developed record will be necessary before it can be determined whether Plaintiff's chances of success warrant the appointment of counsel. Accordingly, it is hereby

      ORDERED that Plaintiff's application for the appointment of counsel is DENIED

without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated, including after the close of discovery.  For more information on proceeding pro se in this District, Plaintiff should visit this webpage: https://nysd.uscourts.gov/prose?clinic= or contact the NYLAG Legal Clinic for Pro Se Litigants at 212-659-6190.  It is further

ORDERED that Plaintiff's application to reopen this action is DENIED without prejudice to renewal.  Throughout this action, Plaintiff has said that he requires access to certain "legal documents" not currently in his possession in order to respond to Defendants' motion to dismiss his Amended Complaint.  (*See, e.g.*, Doc. 46).  Plaintiff's most recent letter maintains that he still has not been able to retrieve these documents.  (Doc. 51.)  Accordingly, on or before January 17, 2022, Plaintiff must notify the Court as to (1) whether he has retrieved the documents in question, and (2) if he has not, whether Plaintiff moves to reopen the action in spite of not having the documents.  Plaintiff is cautioned that, once this action is reopened, I will set a deadline for him to file a brief in opposition to Defendants' motion to dismiss, which is currently pending at docket number 38, and the briefing in support of which was filed at docket number 39.

The Clerk of Court is respectfully directed to update the Plaintiff's address on file with the Court to 28 Brooklyn Ave., Apt. 1C, Valley Stream, NY 11581, as this is the address stated in Plaintiff's most recent letter.  (Doc. 51.)  The Clerk of Court is further directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   November 11, 2021
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge